UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN A. BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:16-CV-820 JM |
| v. | ) |
| | ) |
| ELIZABETH C. HURLEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Stephen A. Byrd, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Notably, the defendants filed a motion to dismiss arguing that the complaint fails to state a claim. However, that is unnecessary in a *pro se* prisoner case such as this. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, the plaintiff must

allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Byrd alleges that he is a pretrial detainee being held at the St. Joseph County Jail awaiting trial on burglary charges. He complains that St. Joseph County Prosecutors Kenneth P. Cotter and Amiee B. Herring charged him with this offense in violation of the Fifth Amendment's Double Jeopardy Clause. He also complains that St. Joseph Superior Court Judge Elizabeth Hurley has been violating his rights throughout the pre-trial process. He has named the prosecutors and judge as defendants. Byrd seeks: (1) a writ of mandamus; (2) the recusal of Judge Hurley; (3) the transfer his criminal case out of St. Joseph County Superior Court; (4) dismissal of the state criminal charges based on double jeopardy; and (5) possibly money damages.[1]

As an initial matter, this court cannot dismiss or otherwise interfere with the state criminal charges pending against Byrd. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Thus, this court cannot order the recusal of Judge Hurley, transfer Byrd's case out of St. Joseph County, or dismiss the criminal charges against him. He must seek that relief in the State court system. Seeking a writ of mandamus can not get around this prohibition. The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). This allows federal courts to issue writs of

---

[1] *See* DE # 8 at 20.

mandamus when they have jurisdiction to do so. *Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999). The Seventh Circuit Court of Appeals has made clear that federal courts lack jurisdiction "to issue mandamus to a state judicial officer to control or interfere with state court litigation." *In re Campbell*, 264 F.3d 730 (7th Cir. 2001) (citations omitted). This is precisely what Byrd asks the court to do here. Because this court does not have jurisdiction to issue the requested mandamus, the request must be denied.

Furthermore, any claim for monetary damages against the state judge for her rulings in Byrd's case is barred by absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (a judge is entitled to absolute immunity for judicial acts regarding matters within his jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."). Similarly, the prosecutors are entitled to absolute prosecutorial immunity for their actions taken "as an advocate for the State" in Byrd's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Accordingly, these defendants are immune from suit.

Though it is usually necessary "to give *pro se* litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. App'x 346, 348 (7th Cir. 2016) (quotation marks omitted); *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny

leave to amend where . . . the amendment would be futile."). This is especially true here, as plaintiff had the opportunity to submit a twenty-two page response to the defendants' motion to dismiss.

For these reasons, the motion to dismiss (DE # 6) is **DENIED as moot** and the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: April 25, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT