UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| STEPHEN A. BYRD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:16-CV-820 JM |
| v. | ) | |
| | ) | |
| ELIZABETH C. HURLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Stephen A. Byrd, a *pro se* prisoner, moves for reconsideration of the dismissal of his case. (DE # 14.) Federal Rule of Civil Procedure 59(e) allows a party to request the court alter or amend a judgment, but it is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are intended for the limited purpose of correcting a "manifest error," which "'is not demonstrated by the disappointment of the losing party." *Loparex, LLC v. MPI Release Technologies, LLC*, 1:09-CV-01411, 2012 WL 6094141 (S.D. Ind. Dec. 7, 2012) (quotations and citations omitted). Instead, the Seventh Circuit has taught that a Rule 59(e) motion should be granted "where the court has misunderstood a party, where the court has made an error of apprehension (not reasoning), where a significant change of law occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011).

Byrd's motion to reconsider does not fit the bill. He sued St. Joseph County Prosecutors Kenneth P. Cotter and Amiee B. Herring for bringing charges against him

and also sued St. Joseph Superior Court Judge Elizabeth Hurley based on her pre-trial rulings. Byrd sought: (1) a writ of mandamus; (2) the recusal of Judge Hurley; (3) the transfer his criminal case out of St. Joseph County Superior Court; (4) dismissal of the state criminal charges based on double jeopardy; and (4) money damages. In the screening order, the court explained that none of this stated a claim. (DE # 11.) Byrd has provided no basis in the present motion to disturb the judgment. Nor does the court find any such basis.

Byrd also seeks leave to proceed *in forma pauperis* on appeal. (DE ## 15, 19.) "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). As was fully explained in the order dismissing Mr. Byrd's complaint under 28 U.S.C. § 1915A, his complaint did not state a claim for relief. Mr. Byrd generally asserts that the court erred and should not have dismissed the case pursuant to §1915A, but he does not identify any meritorious arguments for overturning the court's dismissal of his complaint. The court concludes that this appeal is not taken in good faith, and accordingly, the request for leave to proceed *in forma pauperis* will be denied.

For these reasons, the plaintiff's motion to reconsider (DE # 14) and motions for leave to proceed *in forma pauperis* (DE ## 15, 19) on appeal are **DENIED.**

                                          **SO ORDERED.**

Date: June 6, 2017

                                  s/ James T. Moody
                                  JUDGE JAMES T. MOODY
                                  UNITED STATES DISTRICT COURT